Filed 8/24/16  P. v. Murphy CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

  Plaintiff and Respondent,

v.

ANDRE LAMONT MURPHY,

  Defendant and Appellant.

F070891

(Super. Ct. No. F99627147-2)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

Appointed counsel for defendant Andre Lamont Murphy asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case. Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. He responded with a letter, contending appointed counsel was ineffective for failing to raise on appeal the issue of resentencing pursuant to Proposition 36 (Pen. Code, § 1170.126).[1] Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On November 3, 2014, defendant, acting in pro. per., filed a petition for resentencing pursuant to Proposition 36. He explained that he had been sentenced to 39 years to life under the Three Strikes law when he was convicted of violating section 245, subdivision (a)(1) with great bodily injury. He argued that his 1982 second degree robbery conviction (§ 211) could not be used as a strike because it was neither a serious nor a violent felony, and he was honorably discharged from the Youth Authority on June 23, 1986. He explained that his commitment to the Youth Authority was not a "prison term" within the meaning of section 667.5 and could not be used to enhance his sentence.

On November 20, 2014, the trial court summarily denied defendant's petition for resentencing. The court explained that in 1982 defendant was convicted as an adult, even though he was committed to the Youth Authority instead of state prison. The court also explained that defendant's sentence was imposed based on his conviction for assault by

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

means of force likely to produce great bodily injury (former § 245, subd. (a)(1)), with a true finding that he had inflicted great bodily injury on the victim (§ 12022.7). That finding made his offense a serious and violent felony conviction (§§ 1192.7, subd. (c)(8), 667.5, subd. (c)(8)). In addition, the court had found that defendant had suffered two prior strike convictions.

In the current case, the trial court did not err when it summarily denied defendant's petition. Section 1170.126, added by Proposition 36, allows an eligible inmate who is currently serving a 25-year-to-life sentence under the former Three Strikes law to petition the court for resentencing. An inmate is eligible to petition if his sentence would not have been a 25-year-to-life sentence had he been sentenced under the reformed Three Strikes law—in other words, if he is a third strike offender who is serving an indeterminate life sentence *for a crime that was not a serious or violent felony*. (§ 1170.126, subds. (a), (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) As the trial court explained, defendant's current felony was both serious and violent. Accordingly, he was not eligible for resentencing under Proposition 36.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

3